UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES JERROD SPIKES | CIVIL ACTION |
| VERSUS | NO. 17-4861 |
| JIM MILLER, ET AL. | SECTION: "B"(5) |

## ORDER AND REASONS

The instant 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, James Spikes, against Defendants, alleging violation of his civil rights due to prison officials' tampering with evidence related to his criminal case. (Rec. doc. 1). He requests injunctive relief. (*Id.*) This is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b)(1).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Spikes, a frequent litigant in federal court, has filed numerous civil actions while incarcerated. The Court's records establish that at least three of his prior § 1983 complaints were dismissed as frivolous and/or for failure to state a claim upon which relief could be granted. *See James Jerrod Spikes v. Randy Seal, et al.*, C.A. No. 16-2794 "H"(1) (E.D. La. March 13, 2017); *James Jerrod Spikes v. Randy Seal, et al.*, C.A. No. 14-3004 "R"(1) (E.D. La.

March 14, 2016); *James Jerrod Spikes v. Bogalusa Police Dept., et al.*, C.A. No 14-2968 "H"(2) (E.D. La. April 17, 2015). He has therefore accumulated three "strikes" under the PLRA.

Plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g), which applies to prisoners "under imminent danger of serious physical injury." In the present case, Plaintiff has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Consequently, Plaintiff is not entitled to proceed *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act.

Accordingly, **IT IS ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **DENIED**. 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this   30th   day of _____May_____, 2017.

                                           **MICHAEL B. NORTH**
                              **UNITED STATES MAGISTRATE JUDGE**